**EASLEY et al. v. EASLEY et al.   (No. 2384.)**

(Court of Civil Appeals of Texas. Texarkana. March 3, 1921.)

1. **Costs** ☞42(1)—**Properly taxed against plaintiff where defendant tendered amount due before commencement of suit.**

In action on purchase-money notes and to foreclose vendor's lien securing notes, the court on finding that plaintiffs had tendered the amount due before commencement of suit, on evidence sufficient to support such finding, properly taxed the costs of suit against the plaintiffs and refused to allow plaintiffs attorney's fees.

2. **Vendor and purchaser** ☞267—**Purchasers not in default where they tendered amount due.**

In action on purchase-money notes and to foreclose vendor's lien securing notes, where defendants tendered amount due prior to commencement of the suit and also tendered amount in court at time of suit, court properly refused to enter judgment and foreclosure of lien on the notes not due; there having been no default subjecting the undue notes to payment.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by C. C. Easley and others against J. R. Easley and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Miller & Miller, of Athens, for appellants.
Justice & Justice, of Athens, for appellees.

LEVY, J. The appellants, plaintiffs in the case, sued the appellees to recover on eight notes for $100 each, due one year after date, respectively, from October 15, 1915. The notes were purchase-money notes for land, and a vendor's lien was retained to secure payment of same. It was alleged that the first three notes that had matured October 15, 1916, October 15, 1917, and October 15, 1918, had been paid except as to a balance of $80 with interest. The suit was filed February 16, 1920. The defendants answered that the sum of money now due and unpaid, together with all interest payable, amounts to $205, which sum was tendered to plaintiffs on October 15, 1919, when the note of that year was due and before commencement of suit, and the payment refused, and which sum is now tendered in court.

The case was tried before the court without a jury, and judgment was entered for defendants. The court's findings are: (1) That the defendants are indebted to the plaintiffs in the sum of $205 "for two years' interest on the series of notes and for the $100 note due October 15, 1919; (2) "that at the date the defendants tendered to the plaintiffs the sum of $205 that was the whole amount then due;" and (3) "that said sum of $205 has been tendered into court in satisfaction of the amount due." The court (1) refused to foreclose the vendor's lien on notes not due, because there was no default of payment in any of the notes, (2) refused to allow plaintiffs attorney's fees on notes, and (3) taxed cost of suit against plaintiffs because of tender to them by defendants of the correct sum due before suit was filed.

There is evidence to support the court's finding that the $80 in evidence had been paid, and the first assignment is overruled.

[1] The court having found, and upon evidence to support the finding, that the sum tendered before suit was the correct amount owing on the notes due the plaintiffs, there was no error either in taxing the cost of suit against the plaintiff or in refusing to allow attorney's fees. Assignment of error No. 4 is overruled.

[2] There was no error in refusing to enter judgment and foreclosure of lien on the notes not due. There was no "default" in the prior notes so as to subject the undue notes to payment at the time of suit if the amount tendered before suit and when the note due had matured was, as the court found as a fact, correct and should have been received

by the plaintiff. The second and third assignments of error are overruled.

Judgment affirmed.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes